Next case, Bush v. United States Mr. Weedoff Good morning Your Honors and may it please the Court My name is Eugene Weedoff and I'm appearing today on behalf of the appellants Donald and Kimberly Bush The Bushes, of course, were debtors in the bankruptcy case that gave rise to this appeal And they went into that case because they were involved in a situation of financial difficulty They wanted to go through bankruptcy to discharge what debts they could and to find out what debts they still owed at the conclusion of the bankruptcy case With that in mind, they asked the Bankruptcy Court to determine the amount of any tax penalties that they would still be liable for following their bankruptcy discharge Since those tax penalties would be non-dischargeable under Section 523A7 of the Bankruptcy Code But there was a dispute regarding the amount The Bankruptcy Court was prepared to give them that decision But in an interlocutory appeal, the District Court found that the Bankruptcy Court lacked jurisdiction to decide the question We believe that is wrong for two reasons Both Section 505A of the Bankruptcy Code and Section 1334B of the Judicial Code accord Bankruptcy Court jurisdiction to decide precisely this kind of an issue First, Section 505A Its precise language is The court may determine the amount of any fine or penalty relating to a tax And of course the plain language of the statute is supposed to be applied The government argues that the context of this language somehow undercuts it That the language appears in the Bankruptcy Code rather than in the Judicial Code where general bankruptcy jurisdiction is set out But the problem with that argument is that prior to the adoption of the Bankruptcy Code all bankruptcy jurisdiction was in the Bankruptcy Act in Title 11 And all that happened here was that one of the specific provisions about bankruptcy jurisdiction that had been in the Bankruptcy Act was continued in the Bankruptcy Code So we have general jurisdiction in the Judicial Code and this specific grant of jurisdiction in 505A The plain meaning is underscored by the fact that there is no other apparent purpose for the grant of jurisdiction The government argues that Section 505A was only part of Mr. Weidoff, why are you calling Section 505 a grant of jurisdiction? Why is it anything other than just a specification of a bankruptcy judge's duties? I say this because the Supreme Court has been trying very hard to distinguish jurisdictional rules from substantive ones And jurisdictional rules, as you know, are the kind of things that we have to decide even if the parties are perfectly content So why should we think of this as a jurisdictional rule? For two reasons, Judge Easterbrook Number one, it accords authority to determine a specific issue Everything in the Bankruptcy Code does that Section 547 does that If you would let me finish, please The other reason that I would add to what the plain language says and again, jurisdiction is the authority to decide a dispute There is no other apparent reason for this language being in the Bankruptcy Code This does not create any new procedure for determining the amount of a claim I still don't get it Why is any of Chapter 11 about jurisdiction? Jurisdiction of bankruptcy judges is created and regulated by Title 28 Not Title 11 Well, as I was saying before It's perfectly permissible for Congress to put jurisdictional provisions in a place other than Title 28, which they did I grant that Congress can do what it wants but there's absolutely nothing in Section 505 which even hints that it has anything to do with subject matter jurisdiction I'm going to ask the same question of your adversary but maybe you should just go back to the merits Well, to get into what I had begun to argue earlier there's no other apparent basis for this language being in the Bankruptcy Code The only argument the government has made in response to that observation is that this is somehow a waiver of sovereign immunity but the question of the debtor's liability for taxes does not implicate sovereign immunity and that's the main thrust of this grant of authority We've held, by the way, that sovereign immunity is itself not a jurisdictional doctrine So there's a bit of a circularity here In any event, the final point that I wanted to make as far as Section 505A is concerned is that this question has been addressed by eight other courts of appeal and every one of them has held that it's a jurisdictional grant The only argument that the government has made in this respect is to cite the Quattrone Accountants v. IRS decision of the Third Circuit in 1990 That dealt with a completely different issue Not the tax liability of the debtor in bankruptcy but the tax liability of a responsible person, not the debtor And because of that, the context the Third Circuit set indicated this grant and again, they called it jurisdiction had to be found other than in Section 505A But ten years later, in Quattrone v. Custom Distributor Services the Third Circuit said, and I quote We have consistently interpreted Section 505A as a jurisdictional statute that confers on the bankruptcy court authority to determine certain tax claims So certainly the earlier case was not finding that there's no jurisdiction under 505A Those are the reasons. The plain language accords authority to decide this question Its context supports that and it has been held by eight courts of appeals to have that impact Now, the second point that we raised If 505A were not in the bankruptcy code would there nevertheless be jurisdiction here? And the answer is yes Section 1334 of Title 28, the Judicial Code Accords jurisdiction over matters that are related to other matters in the bankruptcy case Here, our argument is that the question of the extent of the debtor's remaining liability is related to their bankruptcy discharge They went into bankruptcy wanting to find out what they would owe at the end and knowing the amount of the tax penalty is intimately related to their discharge As to this question, there is a Seventh Circuit decision decided last year in Ray Colazzo, which specifically holds that there's related to jurisdiction That is the precise language of the court's holding Well, that was kind of a drive-by statement, wasn't it? Well, but it was a remand to the bankruptcy court, Your Honor to decide precisely that issue with direction on how it ought to be decided So, although there was no extensive discussion of the rationale for the holding it was a holding of the case, binding on the lower court Well, it was an issue that the lower court was instructed to address on remand And given directions for how to do it Well, not conclusive directions, right? Otherwise, why remand? To ask the court to decide it I believe, and to some extent from personal experience that when a bankruptcy court is given a specific direction from the Court of Appeals it's incumbent on the court to follow those directions That's why I do believe it is a holding But beyond that, this is also a continuation of what had been the jurisdictional framework of the Bankruptcy Act Section 17A of the Bankruptcy Act provided that bankruptcy courts had the jurisdiction to determine the amount of any non-dischargeable debt We believe that that was carried over as the Ninth Circuit held in a case that was cited in the Colazzo decision So we have two reasons which independently show that the denial of jurisdiction here was erroneous and the matter ought to be remanded to address them Thank you, Your Honor Thank you, Mr. Frito Mr. Skolkiewicz? Can I get some water on my phone? Sure Thank you Good afternoon I think there are two overarching flaws that home in on the crucial aspects of this case Two flaws in my opponent's arguments One for each argument They have two arguments One is 505 is independent One is 1334 related to jurisdiction I'd actually like to start with the flaw in 1334 even though the briefs took them in the opposite direction because of the Colazzo case The overarching flaw which I think is in Colazzo which I would agree is a drive-by statement It doesn't cite anything is that it conflates the relationship that you have to have for related to jurisdiction with what that relationship is supposed to be The actual relationship that's cited in Colazzo is a relationship between the liability in a fraud case and the dischargeability and they turned on interrelated facts The relationship that's required for 1334B is very specific It says it must be related to the case not to another civil proceeding in the case The case is the jurisdiction under A Under section 1334A it starts out saying bankruptcy courts have exclusive jurisdiction over the case and that would be things like determining confirmation of a plan things that nobody else can do no other court can do lifting the automatic stay If something relates to the case which is the administration of the estate that's why courts have said in order to relate to the case you have to have some relationship to the estate or the distribution of the estate among its creditors What Colazzo does is conflate that and assume that because there's a relationship So do you think the Supreme Court of the United States acted without jurisdiction last week in Midland funding against Johnson? Can you remind me what the holding was? The Supreme Court held that a claim that had no chance whatever of being paid because it was utterly spurious was nonetheless a claim in bankruptcy properly adjudicated by a bankruptcy judge You're referring to the statute of limitations issue someone making a claim that was beyond the period of limitations then The argument about the statute of limitations was an argument under the Fair Debt Collection Practices Act Now I'm familiar with this But the Supreme Court resolved that by saying that the word claim in bankruptcy reaches every possible kind of claim against the estate even though it is utterly spurious and never going to be paid So the line in your brief which the district court also took that a bankruptcy judge has no jurisdiction if the claim isn't going to be paid sounds like it amounts to the statement that the Supreme Court was acting without jurisdiction in Midland funding or telling bankruptcy judges to do things over which they had no jurisdiction because none of those claims was ever going to be paid I think there's a key distinction there, Your Honor The Supreme Court said that a right to payment whether or not it was subject to a statute of limitations was an asserted right to payment That was the whole point It doesn't have to be an actual right to payment I agree, Your Honor I'm not going to try to detract from that I think it's very distinguishable from this case because we would agree that the claim against the estate in this case can be adjudicated The question of whether it's a frivolous claim or not drops out very quickly The claim can be adjudicated There was no question in that case that the estate would have been impacted by the claim If you go back to Selatech's and this is part of the problem and I'm going to give you a solution to the problem as well today I promised about the conflict here with Collazo But Selatech said whatever test is used for related to jurisdiction whatever test is used, dot, dot, dot Bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor And therefore, Midland Funding was incorrect because none of those claims had any conceivable effect on the estate of the debtor Yes, they would if they were allowed That was just if they were allowed or not The Supreme Court said I'm not going to argue Midland Funding with you But the Supreme Court said that something is a claim even if it has no chance whatever of succeeding or being paid I agree No chance There was a claim here for penalties even though it had no chance of succeeding And therefore It had a chance of succeeding actually There was a claim here Trying to talk over a judge is not a paying strategy Sorry, Your Honor And therefore, the Supreme Court said the Bankruptcy Court had authority And you're trying to tell us the Bankruptcy Court had no authority That is, no subject matter jurisdiction And I must say, I don't get it I don't get the link between the likely outcome likely payability of a claim and subject matter jurisdiction in the Bankruptcy Court May I try, Your Honor? Sure I do believe there's a very big difference between what I'm admitting was a claim in this case and it may have been a valid claim They may even be right on the penalty We don't know who's right yet unlike the one in the Supreme Court case There is a claim here Here was the claim against the estate That's not what this case is about The claim against the estate is actually being held in abeyance right now It was never dismissed It was an objection to the claim The judge held it in abeyance because he doesn't know yet whether there'll be any point in adjudicating it And because there have been cases that have said that a debtor in a Chapter 7 case doesn't have standing to object to the claim against the estate if it won't produce a surplus The District Court agreed with that as well The Bankruptcy Court held that in abeyance And we went up on a different proceeding a 505 proceeding which is strictly to determine the non-dischargeable amount of the debtor's debt outside bankruptcy not in rem not part of the claim In Celotex the Supreme Court, as I said, said what it said I don't understand what any of this has to do with subject matter jurisdiction All the parties' arguments may be perfectly fine Just give up on this jurisdictional characterization of a statute that doesn't read on jurisdiction Well, my answer to that, Your Honor, is that I really don't think the Supreme Court overruled Celotex in saying that in order to adjudicate this claim frivolous or not it would have to, if it was allowed have to have some impact on bankruptcy administration This Court has held 12 times I have the citations, if you wish I think it would take too long 12 times 3 by Your Honor, Judge Esterbrook and 2 by Judge Flown Counsel Decisions of the Court speak for the Court The person who wrote them is irrelevant This Court has held, regardless of who wrote the decision at least 12 times that there has to be an impact on the estate prior to Collazo But there's a way to harmonize Collazo with those 12 cases and Celotex It's actually relatively easy If you want to assume that Collazo allows related to jurisdiction where the non-dischargeability is determined and then you go on and determine the liability Collazo did that in the context in which the facts were intertwined and interrelated No court has ever, to our knowledge allowed, certainly not since the 1978 Act allowed a bankruptcy court to go on in a clearly non-dischargeable case or clearly dischargeable and determine the amount of the debt that's left owed by the debtor where it has no relationship to the liability determination and to do so would bring in all kinds of new cases that have never been adjudicated in bankruptcy State courts normally adjudicate state claims that are non-dischargeable Here you have Congress saying this kind of debt this kind of tax is accepted from discharge not affected by bankruptcy and the question is are you going to let a bankruptcy court determine the amount when it's not affected by bankruptcy and there's no estate Let's say you have a no-asset case at all nothing to administer nothing going on at all then you're bringing in all you could bring California into Indiana to determine a California state tax that Congress said is unaffected by bankruptcy and determined in Indiana because the debtor moved to Indiana from California in a federal court when it would normally be determined in a state court That's not the purpose of 505 It's never been held to be the purpose of 505 and that wasn't the purpose of 505 under the old Act either and there are not eight courts of appeals that even remotely suggest that is the purpose of 505 or that you have that kind of jurisdiction We go through those in our brief as well The old Act essentially relied on section 17A.3 which was a dischargeability provision that said right in it the bankruptcy court once it had Let me be sure I just understand your position 505A is except as provided in paragraph 2 the court may determine the amount or legality of any tax penalty and so on You're not arguing that sub 2 paragraph 2 applies I gather Correct So it's your contention is we should read this with an implicit second exception where the implicit second exception is it would read something like except as provided in paragraph 2 of this subsection or situations in which the estate lacks sufficient funds comma the court may determine the amount or legality of any tax I would say it a different way I would say it says and many courts have said the may is discretionary the may says you can do it and there are plenty of cases that say you shouldn't do things that are not within the subject matter jurisdiction of the court There are completely separate questions Does 505A allow something? And the second question is Is it a good idea for the bankruptcy judge to do it? As this case comes here the only question is whether 505A allows something There isn't a question about whether it was a good idea for the bankruptcy judge to do it We think that 505A only allows it where there is jurisdiction under 1334 and section 1334 limits jurisdiction to where you're going to have one of these So your argument is that there is a second but unstated exception in 505A1 Not only would I argue that I would argue that's an unstated exception in every provision of the bankruptcy code There are lots of provisions of the bankruptcy code that start out saying the court may do something and the courts have universally held the jurisdiction to do it in a particular case must be found in 1334 Either the suit must arise under title 11 itself or the dispute must arise in the case or it must be related to the case I don't think there's anything controversial about limiting the bankruptcy code and what bankruptcy courts can do to situations where there's a bankruptcy purpose where it affects either the estate or it is a determination for example, of dischargeability which is a quintessential bankruptcy purpose but determining the amount of a debt left over in a no-asset case that Congress basically said will not be affected by bankruptcy doesn't seem to us to even fit within the bankruptcy clause of the Constitution and no courts have held that can be done in that kind of a situation the courts of appeals have not gone that far and certainly not since 1978 I can't be hearing the department saying that section 505A is unconstitutional No, Your Honor Is that what you're saying? No, we would harmonize it by saying you should read 505A as limited to situations where there is a purpose for that determination under the bankruptcy clause rather than read it to go beyond that purpose because there are two Supreme Court cases that say where there are two readings you adopt the reading that doesn't even raise a serious constitutional question unless you're really compelled to adopt the alternative reading we think 505A is very easily harmonized with section 1334 there are many, many, many cases in which 505A has a purpose so my opponent said it has no other purpose other than this that just doesn't make sense 505A overrides administrative rates judicata it overrides cases where the other courts have held against the taxpayer in a default judgment because it allows creditors to object to the claim as well it has many purposes besides the refund purpose in 505A2 it has many purposes in 505A1 it allows the determination of the actual merits of the tax that are normally not allowed in a claim objection proceeding if you look at probate case law there's no ability even when the IRS files a claim to look beyond the procedural requisites of the assessment in order to get to the merits of the tax there's got to be a separate grant and I don't call that a jurisdictional grant it's a grant by Congress to go to the merits of the tax in that context it exists in the Internal Revenue Code for state court receiverships it exists in the Bankruptcy Code in 106's reference to 505A it doesn't exist for probate cases it's been held not to exist for interpleaders it's been held not to exist for mortgage foreclosers you can't look at the merits of the tax when a senior mortgagee is foreclosing or even a junior mortgagee who would like to attack the senior tax claim they don't have the right to look beyond the procedural compliance with the code to reach the assessment so there's two very good reasons for 505A one, it allows looking at the merits of the tax in a claim objection two, it allows looking at the merits of the tax in a refund suit three, it allows overriding default judgments and state proceedings a lot of states have rules that if you don't contest the tax within a certain time period you're out, period unlike the federal government which lets you then sue for a refund if you pay it or lets you defend in a collection suit by the United States against that there are states that have administrative race judicata and there's legislative history that says that's one of the purposes of 505 is to override that that legislative history actually goes back to 1966 when section 2A 2A was enacted which by the way was not in 1970 when it was the first time that courts, bankruptcy courts ever got jurisdiction to determine dischargeability and go on to determine the merits of the judgment so there are lots of ways to harmonize this and you can harmonize it with Collazo by noting that Collazo did have this intertwining Hallahan is a great case the other side cites it for their position I think it supports ours Hallahan doesn't mention 1334B it cites two bankruptcy court cases that allowed a court to determine the non-discharge excuse me the amount of a non-dischargeable debt and both those bankruptcy court cases by the way those are cited are Schmid and DeVitt those two cases cited in Hallahan both say that the debt in that situation was inextricably intertwined one said another one said inseparable from the determination of the dischargeability because the two turned on the same facts that's the way to distinguish Collazo so you don't have this conflict with 12 prior 7th Circuit cases that all agree with Sellotek saying you have to have this effect on the estate and thank you your honors I don't want to cut you off but if you had a concluding remark but you're a little over time I have one very short concluding remark if you are to reverse we request that you remand with instructions to consider the abstention decision that the district court never reached thank you your honor Mr. Badoff you may have an additional 3 minutes to add it to your rebuttal I would like to just make a couple of points first as far as section 505A what it says is that the district court the court excuse me but the court with bankruptcy jurisdiction can determine the amount of any penalty the amount of a penalty is almost invariably one that's not going to affect the distribution of the estate in every no asset chapter 7 case there's no impact about the amount of the penalty how is your argument that 505 is an independent jurisdictional grant reconcilable with section 105C 105C doesn't determine anything regarding the tax liability of the debtor well I recognize that it's a general provision that says you got to have jurisdiction under 1334 to exercise any 105C to exercise any authority I didn't read it that way the ability of any district judge to exercise any of the authority conferred or other court that is the designated bankruptcy court under this title, title 11 shall be determined by reference to the provisions set forth in title 28 so you have to have 28, 1334 jurisdiction before you can use the 505 power your honor, Judge Sykes I have to confess that I don't have the statutory language in front of me and this is not a question that I looked at if the court would like a supplemental statement on this I'd be happy to provide it yeah, it's just the standard power of the court provision which I know you're very well acquainted with well, this is just not a point that came up in any of the argument or any of the cases that I've read so I have to apologize now, the other point that I wanted to make very briefly is that the argument that the government has made regarding 1334 related to jurisdiction tries to avoid Colasso by saying that it was really supplemental the only basis that the court had in Colasso for allowing the case to go forward to adjudicate the amount of the non-dischargeable debt was that the actual situation between non-dischargeability and the amount of the debt was so overlapping that there was supplemental jurisdiction this court has never recognized supplemental jurisdiction in bankruptcy and its decision in Town Square Media versus Brill 2011 case expressly stated that and there was no indication in Colasso that there was going to be for the first time recognition of supplemental jurisdiction in bankruptcy I thank the court all right thank you sweetheart thanks to both counsel the case is taken under advisement the court will stand in recess Thank you